IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN D. BLAIR, JR., et al.,

                Plaintiffs,

v.                                    CIVIL ACTION NO. 2:07-cv-00808

PARKSTONE ENERGY, LLC, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiffs' Motion to Join an Indispensable Party Under Rule 19 and Remand [Docket 11]. For the reasons that follow, the plaintiffs motion is **GRANTED** and the case is **REMANDED** to the Circuit Court of Kanawha County.

**I.     Background**

The plaintiffs filed suit in the Circuit Court of Kanawha County on November 7, 2007. The Complaint names as defendants Parkstone Energy, LLC, Harrington Partners, LP, Lydiard Partners, LP, Tanglewood Capital Management, Inc., Merced Partners Limited Partnership, Global Capital Management, Inc., and five John Doe parties. The plaintiffs allege damages based on Aiding and Abetting a Breach of Fiduciary Duty, Tortious Interference with a Contract, Unjust Enrichment, and Civil Conspiracy. Global Capital Management has since been dismissed from the action by agreement of the parties.

On December 11, 2007, the defendants removed the case to this court based on diversity jurisdiction. The remaining corporate defendants then filed a Motion to Dismiss [Docket 5]. In the

motion, the defendants argue that the court should dismiss this case for three reasons: (1) lack of subject matter jurisdiction, (2) failure to state a claim, and (3) failure to join an indispensable party, namely Ralph Ballard, III. Not long after the defendants filed their motion to dismiss, the plaintiffs filed the instant Motion to Join an Indispensable Party and Remand. In the motion, the plaintiffs agree with the defendants' assertion that Mr. Ballard is an indispensable party, and seek to add Mr. Ballard as a party, and, as a result, have this court remand the case back to the Circuit Court of Kanawha County. *See* 28 U.S.C. § 1447(e).

**II.     Analysis**

A district court's analysis of a plaintiff's attempt to join a nondiverse defendant after removal begins with section 1447(e). That statute provides "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "[T]he actual decision on whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court; thus, this decision is not controlled by a Rule 19 analysis." *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999) (citing 14C Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure 3739, at 445 (3d ed. 1998)). In reaching the decision, the court may "consider all relevant factors, including: [1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether the plaintiff has been dilatory in asking for amendment, [3] whether the plaintiff will be significantly injured if amendment is not allowed, [4]and any other factors bearing on the equities." *Mayes*, 198 F.3d at 462 (internal citations and quotations omitted).

In reviewing the first factor, it is possible that the plaintiffs seek the addition of Mr. Ballard in order to defeat federal jurisdiction. Several of the parties to this lawsuit are currently engaged in a parallel lawsuit in Kanawha County Circuit Court arising from breach of contract claims. If the plaintiffs truly sought relief against Mr. Ballard – as they did in the state court action – they could have named him in the original complaint. On the other hand, the defendants raised the initial question of whether Mr. Ballard was an indispensable party. As grounds for their motion to dismiss, the defendants argued that Mr. Ballard was an indispensable party that the plaintiffs had failed to join. Far from the "inadvertent defense" the defendants describe, the defendants devoted a portion of their memorandum in support of the issue. The plaintiffs therefore faced the prospect of dismissal if they did not respond to the contention that Mr. Ballard was an indispensable party. Although the plaintiffs have asked for joinder and remand, this case does not "smack[] of fraudulent joinder" as the defendants contend. (Def. Resp. Mot. Remand [Docket 19].) Rather, the plaintiffs responded to the defendants argument that a party was necessary by agreeing that the party was necessary and seeking the only remedy consistent with joinder that § 1447(e) permits. This does not appear to be a clear case of procedural fencing on the plaintiffs' part.

The plaintiffs also timely filed their motion to permit joinder of Mr. Ballard. Indeed, the plaintiffs sought to join Mr. Ballard and remand the case within 30 days of the notice of removal. If this were a motion to remand based on other statutory defects in the removal process, it would also be timely. With respect to the third factor, the plaintiffs could potentially face significant injury if amendment is not allowed. The plaintiffs have sued Mr. Ballard in state court, and plausibly could amend the complaint in state court to state the claims to be addressed in this case. If this court retained jurisdiction and did not join Mr. Ballard, the plaintiffs could be forced to proceed against

the other defendants in this court without any claims against Mr. Ballard. The lone opportunity would be amendment of the complaint in state court with no guarantee that the court would permit such an amendment. The plaintiffs therefore potentially face a significant injury if amendment is not allowed in this action and not allowed in the state court action.

Finally, the remainder of the equities weigh in favor of permitting the plaintiffs to join Mr. Ballard. Perhaps most importantly, it was the defendants who initially argued that the plaintiffs should have joined Mr. Ballard. The day after the plaintiffs concurred in the defendants' assessment, the defendants withdrew the defense in an effort to keep the case in this court. If the court may consider whether the plaintiffs are engaged in procedural fencing in an effort to defeat federal jurisdiction, it is only appropriate that the court may also consider the extent to which the defendants have engaged in procedural fencing to sustain federal jurisdiction. *See Mayes*, 198 F.3d at 462 (finding that the court may "consider *all relevant factors*" in addition to the enumerated factors (emphasis added)). Judicial economy also weighs heavily in favor of joining Mr. Ballard and remanding to the court where a factually similar case is currently pending. The plaintiffs have represented that they will seek to consolidate the actions once remanded, which would greatly reduce the amount of resources expended by the courts and the parties.

### III.    Conclusion

Because the equities weigh heavily in favor of permitting joinder and remand, and because it does not appear that the plaintiffs have sought joinder solely to defeat federal jurisdiction, the plaintiffs' Motion to Join an Indispensable Party Under Rule 19 and Remand [Docket 11] is **GRANTED** and the case is **REMANDED** to the Circuit Court of Kanawha County. The

defendants' Motion to Dismiss [Docket 5], the plaintiffs Motion to Seal Certain Exhibits [Docket 16], and the plaintiffs' Motion for leave to File First Amended Complaint are **DENIED** as moot.

    The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    March 10, 2008

Joseph R. Goodwin, Chief Judge